**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
EASTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>vs.<br>KYLE DANIEL LEICK,<br>Defendant. | No. 17-CR-1051-LRR<br>**ORDER** |

## *I. INTRODUCTION*

The matter before the court is Defendant Kyle Daniel Leick's Objections (docket no. 36) to United States Chief Magistrate Judge C.J. Williams's Report and Recommendation (docket no. 31), which recommends that the court deny Defendant's "Motion to Suppress" ("Motion") (docket no. 21).

## *II. RELEVANT PROCEDURAL BACKGROUND*

On December 20, 2017, a grand jury returned an Indictment (docket no. 2) charging Defendant with one count of possession of a firearm by a drug user, in violation of 18 U.S.C. §§ 922(g)(3) and 924(a)(2). *See* Indictment at 1. On January 15, 2018, Defendant filed the Motion. On January 22, 2018, the government filed a Resistance (docket no. 23). On February 7, 2018, Judge Williams held a hearing ("Hearing") on the Motion. *See* February 7, 2018 Minute Entry (docket no. 29). Defendant appeared in court with his attorney, Cory Goldensoph. Special Assistant United States Attorney Drew O. Inman represented the government. On February 14, 2018, Judge Williams issued the Report and Recommendation, which recommends that the court deny the Motion. On February 28, 2018, Defendant filed the Objections. The matter is fully submitted and ready for decision.

## *III. STANDARD OF REVIEW*

When a party files a timely objection to a magistrate judge's report and recommendation, a "judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendation to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Crim. P. 59(b)(3) ("The district judge must consider de novo any objection to the magistrate judge's recommendation."); *United States v. Lothridge*, 324 F.3d 599, 600 (8th Cir. 2003) (noting that a district judge must "undertake[] a de novo review of the disputed portions of a magistrate judge's report and recommendations"). "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Crim. P. 59(b)(3) ("The district judge may accept, reject, or modify the recommendation, receive further evidence, or resubmit the matter to the magistrate judge with instructions."). It is reversible error for a district court to fail to engage in a de novo review of a magistrate judge's report when such review is required. *Lothridge*, 324 F.3d at 600. Accordingly, the court reviews the disputed portions of the Report and Recommendation de novo.

## *IV. RELEVANT FACTUAL BACKGROUND*[1]

On August 22, 2017, A.N., Defendant's girlfriend, reported to the Dubuque Police Department that Defendant had strangled her during a domestic dispute in their apartment. A.N. also reported that Defendant used marijuana daily and cocaine weekly, and was involved in the sale of narcotics. A.N. further reported that Defendant kept an AR-15-style rifle in the apartment. Based on the information that A.N. provided, law

[1] After reviewing the Hearing Transcript (docket no. 34), the court finds that Judge Williams accurately and thoroughly set forth the relevant facts in the Report and Recommendation. *See* Report and Recommendation at 2. Therefore, the court shall only briefly summarize the facts here. When relevant, the court relies on and discusses additional facts in conjunction with its legal analysis.

enforcement obtained and executed a search warrant for Defendant's apartment on August 22, 2017. During the search of the apartment, law enforcement located a rifle, ammunition, extended magazines, drug paraphernalia, cocaine residue and packaging material consistent with the sale of narcotics.

On the same day, based on both the evidence uncovered at Defendant's apartment and the information previously supplied by A.N., law enforcement applied to the Iowa District Court for Dubuque County ("Iowa District Court") for a search warrant ("Warrant") for a sample of Defendant's urine. The stated purpose of the Warrant was "to determine the presence of controlled substances in [Defendant's] system, while he is currently . . . a drug user in possession of a firearm and ammunition." Application for Search Warrant ("Application") (docket no. 28-1) at 2. On August 22, 2017, the Iowa District Court issued the Warrant. On August 30, 2017, law enforcement located and detained Defendant, and executed the Warrant. Defendant's urine tested positive for the presence of narcotics.

## *V. ANALYSIS*

In the Motion, Defendant asserts that, because the Warrant was issued on August 22, 2017, it was stale at the time of its execution on August 30, 2017. *See* Motion at 1. He argues that a drug test administered eight days after his alleged possession of the firearm was unlikely to show evidence of his use of drugs while he was in possession of the firearm. *See* Brief in Support of Motion (docket no. 21-1) at 4. Defendant asserts that the delayed drug test would show only evidence of drug use occurring after his alleged possession and, therefore, the Warrant was stale. *See id.* Judge Williams found that the Warrant was not stale because evidence of Defendant's drug use after August 22, 2017 is relevant to show that Defendant regularly uses controlled substances, which is a part of the government's burden of proof. *See* Report and Recommendation at 3-5. Judge Williams further found that, because the Iowa District Court had evidence that Defendant is a

chronic marijuana user, there was probable cause to believe that evidence of his drug use on or around August 22, 2017 would still be in his urine eight days later. *See id.* at 5. Defendant objects to both of Judge Williams's findings. *See* Brief in Support of Objections (docket no. 36-1) at 3-6. The court will address each objection in turn.

### *A. Legal Standard*

"A delay in executing a search warrant may render stale the probable cause finding." *United States v. Gibson*, 123 F.3d 1121, 1124 (8th Cir. 1997). "A warrant becomes stale if the information supporting the warrant is not sufficiently close in time to the issuance of the warrant and the subsequent search conducted so that probable cause can be said to exist as of the time of the search." *United States v. Brewer*, 588 F.3d 1165, 1173 (8th Cir. 2009) (quotation omitted). "'There is no bright-line test for determining when information in a warrant is stale.' Rather, [the court] look[s] to the circumstances of the case, including the nature of the crime involved." *United States v. Lemon*, 590 F.3d 612, 614 (8th Cir. 2010) (quoting *United States v. Pruenda*, 518 F.3d 597, 604 (8th Cir. 2008)). "Important factors to consider in determining whether probable cause has dissipated, rendering the warrant fatally stale, include the lapse of time since the warrant was issued, the nature of the criminal activity, and the kind of property subject to the search." *Gibson*, 123 F.3d at 1124.

### *B. Regular Drug Use*

In the Report and Recommendation, Judge Williams found that "evidence that [D]efendant used drugs after his possession of the firearm would be relevant to the question of whether he was a drug user at the time he possessed the firearm [because] . . . it is part of a pattern of drug usage." Report and Recommendation at 4. Defendant objects to this finding and argues that seizing evidence of drug use that occurred after August 22, 2017 exceeds the scope of the Warrant because the Warrant "only authorized

the search for illegal substances that were in the person of [Defendant] on August 22, 2017." Brief in Support of Objections at 4.

"When an official search is properly authorized—whether by consent or by the issuance of a valid warrant—the scope of the search is limited by the terms of the authorization." *United States v. Thompson*, 690 F.3d 977, 992 (8th Cir. 2012) (quoting *United States v. Ware*, 890 F.2d 1008, 1011 (8th Cir. 1989)). However, "[i]tems not mentioned in a warrant may be seized so long as they are 'reasonably related to the crime for which the warrant issued.'" *Stepnes v. Ritschel*, 663 F.3d 952, 962 (8th Cir. 2011) (quoting *Taylor v. Minnesota*, 466 F.2d 1119, 1121 (8th Cir. 1972) (per curiam)). "When executing a search warrant, a law enforcement official 'must have probable cause to believe that items seized in connection with a valid search warrant are associated with suspected criminal activity.'" *Id.* (quoting *Walden v. Carmack*, 156 F.3d 861, 873 (8th Cir. 1998)). "Probable cause demands . . . only that the facts available to a reasonably cautious [person] would warrant a belief 'that certain items may be . . . useful as evidence of a crime.'" *United States v. Garner*, 907 F.2d 60, 62 (8th Cir. 1990) (quoting *Texas v. Brown*, 460 U.S. 730, 742 (1983)).

In this case, the court finds that a reasonably cautious person would believe that a urinalysis of Defendant conducted on August 30, 2017 would be useful as evidence of a crime. Law enforcement was investigating Defendant for possession of a firearm by a drug user, in violation of 18 U.S.C. §§ 922(g)(3) and 924(a)(2). This requires that the government prove a "temporal nexus between the gun possession and regular drug use." *United States v. Turnbull*, 349 F.3d 558, 561 (8th Cir. 2003), *vacated*, 543 U.S. 1099 (2005), *reinstated*, 414 F.3d 942 (8th Cir. 2005) (per curiam). Therefore, evidence of Defendant's drug use between August 22, 2017 and August 30, 2017 would be useful as evidence that Defendant regularly used drugs at the time of his alleged firearm possession.

Because such evidence would be useful, seizing the evidence does not exceed the scope of the Warrant. Accordingly, the court shall overrule this objection.

### *C. Residual Evidence*

In the Report and Recommendation, Judge Williams also found that, because the Iowa District Court had evidence that Defendant was a chronic marijuana user, the Warrant was not stale when it was executed "because evidence of [D]efendant's drug use on or before August 22, 2017, could still be detectable . . . on August 30, 2017." Report and Recommendation at 5. Defendant objects to Judge Williams's finding, arguing that a urinalysis would not reveal whether Defendant was a chronic marijuana user nor the last time he used drugs. *See* Brief in Support of Objections at 5. Defendant additionally objects that Judge Williams's finding is based on expert testimony that was not available to the Iowa District Court at the time it issued the Warrant. *See id.*

A.N. reported to law enforcement that Defendant used marijuana daily. *See* Hearing Transcript at 5. This information was presented to the Iowa District Court when it issued the Warrant. *See* Application for Search Warrant at 2. Urinalysis can reveal the consumption of marijuana in a chronic user for up to two months. *See* Hearing Transcript at 18. Therefore, there was probable cause to believe that a urinalysis of Defendant on August 30, 2017 would reveal evidence of his marijuana use on or before August 22, 2017. Defendant contends that "there [is] no way to determine if someone [is] a chronic user of marijuana from [a] urine sample" and that "there is no way to know when a drug that is present in a urine sample was consumed." Brief in Support of Objections at 5. Defendant's contentions, while factually true, are of no moment. Whether the urinalysis alone establishes that Defendant is a chronic marijuana user is irrelevant. In the totality of the circumstances, there was probable cause to believe that, on August 30, 2017, a urinalysis would reveal evidence helpful to establishing Defendant's status as a drug user when he allegedly possessed the firearm on August 22, 2017. *See United States v.*

*LaMorie*, 100 F.3d 547, 553 (8th Cir. 1996) (holding that probable cause is determined "under a totality-of-the-circumstances approach").

Defendant further objects that "[t]here is no mention in the Application . . . about how long marijuana can remain testable within a person's body." Brief in Support of Objections at 5. He argues that the Iowa District Court would not have known that marijuana is detectible in the urine of a chronic user for up to two months, which he argues is "emphasized by the language requiring 'immediate' execution of the [W]arrant." *Id*. Defendant's argument is misplaced. By statute, the Warrant would have expired after ten days. *See* Iowa Code § 808.8 ("A search warrant shall be executed within ten days from its date; failure to execute within that period shall void the warrant."). The Iowa District Court did not need to know that any marijuana that Defendant had consumed on or before August 22, 2017 might be detectible for up to two months, merely that it would have been detectible for the life of the Warrant. It is reasonable to presume that the Iowa District Court would have this level of general knowledge about marijuana detection. Defendant makes a similar assumption about the knowledge of this court in the Motion. *See* Brief in Support of Motion at 4 ("As this [c]ourt knows, . . . biological evidence only stays in a person's body for a limited amount of time.").

The Iowa District Court had probable cause to believe that evidence of Defendant's drug consumption on or before August 22, 2017 would be detectible for the life of the Warrant. Therefore, the court finds that even if the detection of drugs consumed after August 22, 2017 were not a valid purpose of the Warrant, the Warrant was not stale when it was executed because there was probable cause to believe that a urinalysis on August 30, 2017 would also indicate drug use by Defendant on or before August 22, 2017. Accordingly, the court shall overrule this objection.

## *VI. CONCLUSION*

In light of the foregoing, the court **ORDERS**:

(1) The Objections (docket no. 36) are **OVERRULED**;

(2) The Report and Recommendation (docket no. 31) is **ADOPTED**;

(3) The Motion to Suppress (docket no. 21) is **DENIED**.

**IT IS SO ORDERED.**

**DATED** this 2nd day of June, 2018.

LINDA R. READE, JUDGE
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA